**FAIRLAWN MOTOR SALES, et al v.**
**DADE COUNTY SHERIFF, et al. (No. 2).**

Circuit Court, Dade County.

February 6, 1953.

Louis, Shandelman & Wright, Miami, for Fairlawn Motor Sales.

Daniel L. Ginsberg, Miami, for Nash Miami Motors, Inc.

Hunt, Salley & Roman, Miami, for Sheriff of Dade County.

George A. Brautigam, Miami, State Attorney, Dade County.

VINCENT C. GIBLIN, Circuit Judge.

By the mandate of the Supreme Court issued January 5, 1953 this court was directed to modify its decree of September 27, 1951 in such manner as to restrain the defendants "from enforcing the provisions of section 855.01 and 855.02 F. S. A. as amended by Laws of Florida, 1951," against the plaintiffs, Paul Antonacci and Nash Miami Motors, Inc., or either of them.

Accordingly, it is ordered and decreed that such mandate be, and it is, made the order and decree of this court, and, to effectuate such mandate, it is now ordered and decreed that the sheriff of Dade County and all of his deputies be, and they are, and each of them is, permanently and perpetually enjoined and restrained from enforcing against the plaintiffs, Paul Antonacci and Nash Miami Motors, Inc., a Florida corporation, or either of them, the provisions of sections 855.01 and 855.02 F. S. A. as amended by Laws of Florida, 1951.

The court retains jurisdiction of the cause for the purposes of hearing and determining the questions presented by pending motions and of making and entering herein such other and further orders and decrees as shall be consistent with such mandate.

---

This cause has been heard and considered on (a) the motion of the plaintiff Paul Antonacci for the entry of an order by which Thomas J. Kelly, as sheriff of Dade County (the successor in office of the defendant sheriff), and George A. Brautigam, as state attorney of the eleventh judicial circuit (the successor in office of the defendant state attorney), shall be substituted as defendants in the

stead of their predecessors in office; (b) the motion of such plaintiff for leave to amend his original bill of complaint (for the purpose of seeking injunctive relief against the enforcement of the provisions of sections 855.01 and 855.02 F. S. A. as they existed prior to their amendment by Chapter 26932, Laws of Florida, General Acts of 1951) ; and (c) the application of such plaintiff for interlocutory injunctive relief in accordance with the prayer of the proposed amendment.

The motion for substitution of parties is granted; and Thomas J. Kelly, as sheriff of Dade County, is made a party defendant in the stead of his predecessor in office and George J. Brautigam as state attorney of the eleventh judicial circuit, is made a party defendant in the place of his predecessor in office.

The motion for leave to amend is granted and the tendered amendments are filed.

The application for interlocutory injunctive relief is granted; and the defendant Thomas J. Kelly, as sheriff of Dade County and all of his deputies, are, and each of them is, enjoined and restrained, until the further order of this court, from enforcing against the plaintiff Paul Antonacci (doing business as Fairlawn Motor Sales) the provisions of sections 855.01 and 855.02 F. S. A. as such provisions existed prior to the amendment of them by chapter 26932, Laws of Florida, General Acts of 1951.

My reasons for according such injunctive relief are the same as those expressed in my opinion of September 27, 1951, and which prompted me to enjoin the enforcement of sections 855.01 and 855.02 F. S. A., as amended by chapter 26932.

It should be understood, however, that I am not holding (and have never held) that the challenged legislation is unconstitutional per se. It is my opinion that its enforcement against the plaintiff applicant in Dade County (in which under existing legislation bars, beer parlors and night clubs may sell whisky, beer and wines on Sundays and in which other unessential business transactions may be conducted on Sundays) would be an invasion of his constitutional rights. It is utterly impossible for me to appreciate the argument that in this county the public health, safety, morals or general welfare can be promoted or protected by legislation permitting the sale of whisky, beer and wine, and prohibiting the sale of used automobiles, on Sundays. Such a classification is obviously discriminatory and unreasonable.

It may be that in other counties of Florida (where other conditions prevail) the enforcement of the so-called blue laws is not unconstitutional. Whether it is or not I am not deciding.